UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JAN 24 2018
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

KATRINA WATKINS &
AKILAH WATKINS

    PLAINTIFF,

V.

VELOCITY INVESTMENTS, LLC &
LAW OFFICE OF ALLEN AND WITHROW

    DEFENDANTS,

CIVIL ACTION NO.
3:18-cv-00010 DPM

This case assigned to District Judge __MARSHALL__
and to Magistrate Judge __KEARNEY__

## COMPLAINT

### INTRODUCTION

1. The Plaintiffs, Katrina Watkins and Akilah Watkins, by and through their attorneys Legal Aid of Arkansas, brings this action under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C.A. § 1692 , the Arkansas Fair Debt Collection Practices Act (AFDCPA), Ark. Code Ann. § 17-24-501 and the tort of Abuse of Process against Defendant Velocity Investments, LLC. Plaintiff Akilah Watkins is a student at the University of Tennessee. Plaintiff Katrina Watkins is her mother and resides in Proctor, AR. In 2015, Defendants obtained a default judgment against Plaintiff Katrina Watkins and her husband Kyle Watkins. In March of 2017, Defendants caused the District Court of Crittenden County to issue a writ of garnishment on a bank account at Regions Bank. The bank account belonged to Akilah Watkins, who at the time of the account's opening, was a minor. Katrina Watkins' name was on the account but did not use the account. The

writ froze $1,151.14, which stemmed from a Parent Plus Loan, which is governed under 20 U.S.C.A. § 1078–2. Federal law protects any student loan granted under 20 U.S.C.A.§ 1070-1099d from garnishment to satisfy a third-party debt. See 20 U.S.C.A. 1095a(d). Defendant was notified of the wrongful garnishment on or about March 27, 2017, but did not release the garnishment until ordered by the state court to do so nearly one month later. In that time, Plaintiff Akilah Watkins could not use the funds to pay for her coursework and could not enroll in the next semester at the University of Tennessee.

## JURISDICTION

2. Jurisdiction arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337(a), together with the pendent jurisdiction of the court. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to the claims occurred in the Eastern District of Arkansas, Plaintiff Katrina Watkins resides in the Eastern District of Arkansas and Defendants transact business in the Eastern District of Arkansas.

## PARTIES

4. Plaintiff Katrina Watkins is an individual, who resides at 867 Proctor Road, Proctor, AR 72376. Plaintiff Akilah Watkins is a student at the University of Tennessee in Knoxville, TN. Both Plaintiffs are consumers as defined by FDCPA, 15 U.S.C.A. § 1692a.

5. Defendant Velocity Investments, LLC, (Velocity) is a financial institution, with a principle purpose to collect debts, organized under New Jersey law, with a principal place of business at 1800 Route 34 Wall Township, NJ 07719. Defendant Velocity Investments, LLC is a debt collector as defined by FDCPA, 15 U.S.C.A. § 1692a.

6. Defendant The Law Offices of Allen and Withrow (law firm) is a professional corporation duly organized under Arkansas law, with a principal place of business at 12410 Cantrell Road, Little Rock, AR 72223. Defendant Allen and Withrow are debt collectors as defined by FDCPA, 15 U.S.C.A. § 1692a.

## FACTS

7. In 2015, Defendant law firm filed a lawsuit on behalf of Defendant Velocity in the District Court of Crittenden County in West Memphis, AR against Katrina Watkins and her husband Kyle Watkins.

8. Defendants obtained a default judgment in the matter for $4,401.06, although Plaintiff Katrina Watkins denies service.

9. On March 3, 2017, Defendant law firm had issued a writ of garnishment with the garnishee being Regions Bank. See Exhibit A.

10. On March 15, 2017, the Regions Bank account belonging to Akilah Watkins was frozen. $1,151.14 was seized by the bank. See Exhibit B.

11. The contents of the bank account were funds from a Parent Plus student loan, governed by 20 U.S.C.A. § 1078–2, which was a check of $3,697 deposited in the account on January 31, 2017. See Exhibit C.

12. On March 27, Plaintiff Katrina Watkins, through Counsel, filed an objection to the garnishment. See Exhibit D.

13. Defendants did not respond to the objection nor did they release the garnishment.

14. Plaintiff Akilah Watkins had a balance due at her university on March 31, 2017 and needed the money illegally frozen by Defendants' garnishment. See Exhibit E.

15. Plaintiff's attorney attempted to have a default hearing scheduled for April 12, 2017 and sent a courtesy notice of the hearing to Defendant law firm. See Exhibit F

16. Defendant law firm sent a Motion for Continuance on April 11, 2017 without responding to the objection to the garnishment. See Exhibit G.

17. Defendant law firm did not appear at the hearing scheduled for April 17, 2017.

18. Instead a local counsel appeared on Defendants' behalf and stated without statutes or case law that a Parent Plus loan did not qualify for protection under 20 U.S.C.A. 1095a(d).

19. The Court ordered that the money be released back to Plaintiff on the condition that the money be used on books or tuition by April 26. See Exhibit H.

20. Regions Bank released all but $100, the garnishment fee, back to Plaintiff Akilah Watkins, who made a payment to the bursar at the University of Tennessee. See Exhibit I.

21. The Court eventually quashed the garnishment on April 25, 2017. See Exhibit J.

22. Plaintiffs lost $100 because of the garnishment fee, which has not been recovered.

23. Plaintiff Akilah Watkins was unable to enroll for two weeks after her other classmates because of Defendants' timewasting.

24. Plaintiffs' relationship was strained for several weeks while Plaintiff Akilah Watkins was forced to pay for Plaintiff Katrina Watkins issues with Defendants.

25. Plaintiff Katrina Watkins was embarrassed, upset, anxious and distressed because her daughters' school funds were illegally taken.

26. Plaintiff Akilah Watkins was upset, worried, anxious and distressed because she was unable to enroll in school.

## COUNT I – VIOLATION OF FDCPA

27. Plaintiffs hereby incorporate by reference all previous paragraphs as if fully set forth herein, and further assert for their cause of action the following:

28. The writ of garnishment Defendant law firm had issued froze funds that were exempt from garnishment under federal law. See 20 U.S.C.A. 1095a(d).

29. At the latest, Defendants were notified of this exemption by March 27, 2017.

30. While Defendant did not respond directly to the objection, it filed a motion for continuance, and continued the freeze on the account, for five further days.

31. Defendants continued attempting to garnish the exempt funds until the state court ordered the garnishment to be quashed on April 17, 2017.

32. The FDCPA at U.S.C.A. 15 § 1692f prohibits a debt collector from engaging in unfair or unconscionable debt collection practices.

33. Defendants violated U.S.C.A. 15 § 1692f by continuing the garnishment after notice that the funds were exempt.

34. By maintaining a garnishment on an account it knew or should have known to have exempt funds for more than 20 days, Plaintiffs were harmed.

35. The Eighth Circuit has expressly denied that a mistake in law allows for a *bona fide* error defense found at U.S.C.A. 15 § 1692k. *Picht v. Jon R. Hawks, Ltd.*, 236 F.3d 446 (8th Cir. 2011).

## COUNT II – VIOLATION OF THE AFDCPA

36. Plaintiffs hereby incorporate by reference all previous paragraphs as if fully set forth herein, and further assert for their cause of action the following:

37. The writ of garnishment Defendant law firm had issued froze funds that were exempt from garnishment under federal law. See 20 U.S.C.A. 1095a(d).

38. At the latest, Defendants were notified of this exemption by March 27, 2017.

39. While Defendants did not respond directly to the objection, it filed a motion for continuance, and continued the freeze on the account, for five further days.

40. Defendants continued attempting to garnish the exempt funds until the state court ordered the garnishment to be quashed on April 17, 2017.

41. The AFDCPA at Ark. Code Ann. § 17-24-507 prohibits a debt collector from engaging in unfair or unconscionable debt collection practices.

42. Defendants violated Ark. Code Ann. § 17-24-507 by continuing the garnishment after notice that the funds were exempt.

43. By maintaining a garnishment on an account it knew or should have known to have exempt funds for more than 20 days, Plaintiffs were harmed.

## COUNT III – ABUSE OF PROCESS

44. Plaintiffs hereby incorporate by reference all previous paragraphs as if fully set forth herein, and further assert for their cause of action the following:

45. To prove the tort of abuse of process, a plaintiff must establish the following elements: (1) a legal procedure set in motion in proper form, even with probable cause, and even with ultimate success, but (2) perverted to accomplish an ulterior purpose for which it was not designed, and (3) a willful act in the use of process not proper in the regular conduct of the proceeding. *Walmart Stores, Inc. v. Binns*, 341 Ark, 157 (2000).

46. Plaintiff Katrina Watkins objected to the garnishment on March 27, 2017 and no response was filed by Velocity.

47. A courtesy notice to hearing was sent to Velocity's attorney on April 6, 2017 for an April 12, 2017 hearing date.

48. Arkansas law requires a hearing within eight days of a claim of exemption. Ark. Code Ann. § 16-110-402.

49. Velocity, through its attorney, moved for a continuance the day of the hearing, providing no reason for why the exemption was not warranted.

50. Velocity's attorney cited too short of notice and not being able to provide an attorney at the hearing, on a matter it had not responded.

51. At the continued hearing five days later, Velocity still brought to court a substituted counsel, who still did not provide any statute or case law that refuted the claim of exemption.

52. By continuing the case when it had no response to the exemption and did not intend to use the Counsel, who claimed to have a conflict with the original date, Velocity willfully used a process that was not proper or regular in defending its garnishment.

## DAMAGES

53. Plaintiffs hereby incorporate by reference all previous paragraphs as if fully set forth herein, and further assert for their cause of action the following:

54. As a direct and proximate result of the occurrence made by Defendants' actions, Akilah and Katrina Watkins sustained damages and injuries including, but not limited to, anxiety, emotional distress, embarrassment and strained familial relationships. Akilah Watkins also was subject to a loss of $100 as a garnishment fee.

55. As a direct and proximate result of the Defendant's actions, Plaintiffs are entitled to the following damages:

a. Statutory Damages of $1,000.

b. Actual Damages

c. Punitive Damages.

d. A declaration that Defendant violated the FDCPA and the ADTPA

e. Attorney's fees and costs of this suit

f. Any other relief this Court finds just and appropriate.

## FURTHER RELIEF AND PARTIES

56. Plaintiffs reserve the right to plead further causes of action as additional parties and facts are identified.

## JURY DEMAND

57. Plaintiffs demand a jury trial.

## PRAYER

WHEREFORE, Akilah and Katrina Watkins pray that:

a. They be granted statutory damages pursuant to the FDCPA.

b. They be granted actual damages.

c. They be granted punitive damages against Velocity.

d. They be granted judgment for Defendant's violations of the FDCPA and the AFDCPA Velocity and law firm

e. They be granted judgment for Velocity's abuse of process.

f. They be granted costs and expenses incurred.

g. They be granted an attorney's fee.

_____
CORY S. CRAWFORD

ABN: 2011205
Legal Aid of Arkansas, Inc.
714 South Main Street
Jonesboro, AR 72401
870-972-9224
FAX: 870-910-5562
ccrawford@arlegalaid.org

## VERIFICATION

STATE OF ARKANSAS )
COUNTY OF Crittenden )

We, Akilah Watkins and Katrina Watkins, hereby state on oath that I have read the above and foregoing Complaint and the facts, statements, and allegations contained therein are true and correct to the best of my knowledge, information and belief.

_____
**AKILAH WATKINS**

Subscribed and sworn to before me the undersigned Notary Public on the 11th day of January, 2018

_____
Notary Public

_____
**KATRINA WATKINS**

Subscribed and sworn to before me the undersigned Notary Public on the 11th day of January, 2018

_____
Notary Public